UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VEER B SINGH,<br><br>    Plaintiff,<br><br>    v.<br><br>USCIS, U.S. CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>    Defendant. | No. 2:18-cv-2929 JAM DB PS<br><br>ORDER |

Plaintiff Veer Singh is proceeding in this action pro se. This matter was, therefore, referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On June 17, 2019, the undersigned took under submission defendant's motion to dismiss or for a more definitive statement. (ECF No. 16.) For the reasons stated below, defendant's motion to dismiss will be granted and plaintiff will be granted leave to file an amended complaint.

**BACKGROUND**

Plaintiff, proceeding pro se, commenced this action on November 7, 2018, by filing a complaint and a motion to proceed in forma pauperis. (ECF Nos. 1 & 2.) The complaint alleges that plaintiff previously "applied I-130 2 times" but defendant denied those applications. (Compl.

////

////

(ECF No. 1) at 5.[1]) Plaintiff seeks an order for defendant to "fix [the] issue" so that plaintiff's spouse and child, who are "stuck in India," can "join" plaintiff in the United States. (Id. at 6.) The previously assigned magistrate judge granted plaintiff's motion to proceed in forma pauperis and ordered service of process on the defendant.[2] (ECF Nos. 3 & 5.)

On April 25, 2019, defendant filed the pending motion to dismiss or for a more definitive statement. (ECF No. 12.) Plaintiff filed an opposition on May 2, 2019. (ECF No. 14.) Defendant filed a reply on June 11, 2019. (ECF No. 15.) The undersigned took defendant's motion under submission on June 17, 2019. (ECF No. 16.) Plaintiff filed a sur-reply on June 17, 2019.[3] (ECF No. 18.)

On June 20, 2019, the undersigned entered the parties' stipulation granting plaintiff twenty-eight days to retain counsel. (ECF No. 19.) On August 2, 2019, plaintiff filed a notice stating that plaintiff could not retain counsel.[4] (ECF No. 20.)

**STANDARD**

**I.     Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[2] On March 13, 2019, the previously assigned magistrate judge filed a notice of disqualification and this action was reassigned to the undersigned. (ECF No. 10.)

[3] The filing of a sur-reply is not authorized by the Federal Rules of Civil Procedure or the Local Rules. See Fed. R. Civ. P. 12; Local Rule 230. Nonetheless, in light of plaintiff's pro se status, the undersigned has considered the sur-reply in evaluating defendant's motion.

[4] Plaintiff's filing also requested a hearing. However, from the parties' filings—and because it is clear that the complaint must be dismissed with leave to amend—the undersigned finds a hearing unnecessary at this time.

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

////
////
////
////

1    **II.    Legal Standards Applicable to Motions For a More Definite Statement Pursuant to
2    Rule 12(e)**

Federal Rule of Civil Procedure 12(e) provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding."); C.B. v. Sonora Sch. Dist., 691 F. Supp. 2d 1170, 1190-91 (E.D. Cal. 2010) ("A Rule 12(e) motion is proper only if the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted, i.e., so vague that the defendant cannot begin to frame a response.").

"Motions pursuant to Rule 12(e) are generally 'viewed with disfavor and are rarely granted[.]'" Nguyen v. CTS Electronics Manufacturing Solutions Inc., 301 F.R.D. 337, 340 (N.D. Cal. 2014) (quoting E.E.O.C. v. Alia Corp., 842 F.Supp.2d 1243, 1250 (E.D. Cal. 2012)). A court should deny a motion for a more definite statement "if the complaint is specific enough to notify [a] defendant of the substance of the claim being asserted" or "if the detail sought by a motion for more definite statement is obtainable through discovery." C.B., 691 F. Supp. 2d at 1191. A Rule 12(e) motion "is likely to be denied where the substance of the claim has been alleged, even though some of the details are omitted." Neveu v. City of Fresno, 392 F. Supp. 2d 1159, 1169 (E.D. Cal. 2005). This liberal pleading standard is consistent with Federal Rule of Civil Procedure 8(a) which allows pleadings that simply contain a "short and plain statement of the claim." Id.

## ANALYSIS

Here, defendant's argument that plaintiff's complaint "is vague and ambiguous" is well taken. (Def.'s MTD (ECF No. 12) at 4.) In this regard, the complaint's allegations consist of

essentially two paragraphs.  Those paragraphs allege no facts.  Instead, the complaint simply asserts that plaintiff "applied I-130 2 times[.]"  (Compl. (ECF No. 1) at 5.)  Those applications were denied.  (Id.)  The denial caused plaintiff "so much problems."  (Id.)  The complaint alleges defendant "is not on the same page with embassy in India."  (Id.)  The complaint seeks an order for defendant to "fix [the] issue" so that plaintiff's spouse and child, who are "stuck in India," can "join" plaintiff in the United States.  (Id. at 6.)

"A U.S. citizen may apply for an 'immediate relative' to obtain a visa by filing an I-130 petition" and such petitions are regularly filed when a U.S. Citizen is "seeking to obtain a marriage-based visa for a non-citizen spouse."  Patel v. Johnson, Case No. SA CV 15-0032 DOC (JCGx), 2015 WL 12698427, at *1 (C.D. Cal. Oct. 7, 2015) (quoting 8 U.S.C. § 1154(a)(1)(A)(i)).  However, such a petition may be denied if, for example, the marriage is determined to be fraudulent.  See Avitan v. Holder, No. C-10-3288 JCS, 2011 WL 499956, at *7 (N.D. Cal. Feb. 8, 2011) ("A marriage entered into for the purpose of circumventing immigration laws is considered a fraudulent or sham marriage and is not recognized as enabling an alien spouse to obtain immigration benefits.").

Upon review, this court may set aside the denial if the "final decision . . . was 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.'"  Garcia-Lopez v. Aytes, No. C 09-2592 RS, 2010 WL 2991720, at *3 (N.D. Cal. 2010) (quoting 5 U.S.C. § 706(2)(A)).  The court's standard of review "is 'highly deferential, presuming the agency action to be valid and [requires] affirming the agency action if a reasonable basis exists for its decision.'"  Kern County Farm Bureau v. Allen, 450 F.3d 1072, 1076 (9th Cir. 2006) (quoting Indep. Acceptance Co. v. California, 204 F.3d 1247, 1251 (9th Cir. 2000)).

Here, as noted by defendant's motion, the complaint does not identify which administrative action is being challenged.  Nor does the complaint clearly state a basis for the challenge to that administrative action.  Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

**LEAVE TO AMEND**

For the reasons stated above, the complaint must be dismissed. The undersigned has carefully considered whether plaintiff may amend the complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)); see also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Here, given the vague and conclusory nature of the complaint, the undersigned cannot yet say that it appears beyond doubt that leave to amend would be futile. Plaintiff's complaint will therefore be dismissed, and plaintiff will be granted leave to file an amended complaint.[5] Plaintiff is cautioned, however, that if plaintiff elects to file an amended complaint "the tenet that a court

---

[5] Defendant does not oppose granting plaintiff leave to amend. (Def.'s Reply (ECF No. 15) at 2.)

must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. The amended complaint will supersede the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Any amended complaint which plaintiff may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's April 25, 2019 motion to dismiss (ECF No. 12) is granted.

2. The complaint filed November 7, 2018 (ECF No. 1) is dismissed with leave to amend.

3. Within twenty-eight days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.[6] The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint."

////

////

---

[6] Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

4. Failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

Dated: January 3, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\singh2929.mtd.ord