1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    VEER B SINGH,                              No.  2:18-cv-2929 JAM DB PS

12              Plaintiff,

13       v.                                      ORDER

14    USCIS, U.S. CITIZENSHIP AND
      IMMIGRATION SERVICES,
15

16              Defendant.

17

18          Plaintiff Veer Singh is proceeding in this action pro se.  This matter was, therefore,

19    referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

20    Pending before the undersigned is defendant's January 23, 2020 motion to dismiss plaintiff's

21    amended complaint or for a more definitive statement pursuant to Rules 12(b)(6) and 12(e) of the

22    Federal Rules of Civil Procedure.  (ECF No. 23.)  For the reasons stated below, defendant's

23    motion to dismiss will be granted and plaintiff will be granted leave to file a second amended

24    complaint.

25                                    **BACKGROUND**

26          Plaintiff, proceeding pro se, commenced this action on November 7, 2018, by filing a

27    complaint and a motion to proceed in forma pauperis.  (ECF Nos. 1 & 2.)  On January 6, 2020,

28    plaintiff's complaint was dismissed and plaintiff was granted leave to file an amended complaint.

1    (ECF No. 22.)  Plaintiff filed an amended complaint on January 21, 2020.  (ECF No. 22.)

2    Therein, plaintiff complains that the defendant is "punishing" plaintiff "for the simple mistake on

3    the marriage certificate," and made "errors that caused Petitioner and Beneficiary much pain . . .

4    money and time."  (Am. Compl. (ECF No. 22) at 1.[1])

5         Defendant filed the pending motion to dismiss or for a more definitive statement on

6    January 23, 2020.  (ECF No. 23.)  After plaintiff failed to file a timely opposition, the

7    undersigned issued plaintiff an order to show cause on March 5, 2020.  (ECF No. 26.)  Plaintiff

8    filed a response on March 13, 2020.  (ECF No. 27.)  Defendant filed a reply on May 28, 2020.

9    (ECF No. 30.)  Defendant's motion was taken under submission on May 28, 2020.  (ECF No. 31.)

10                                          **STANDARD**

11   **I.      Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)**

12        The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

13   sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.

14   1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

15   sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901

16   F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

17   relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A

18   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

19   the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v.

20   Iqbal, 556 U.S. 662, 678 (2009).

21        In determining whether a complaint states a claim on which relief may be granted, the

22   court accepts as true the allegations in the complaint and construes the allegations in the light

23   most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.

24   United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In general, pro se complaints are held to less

25   stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519,

26   520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the

27   _____

28   [1] Page number citations such as this one are to the page number reflected on the court's CM/ECF
     system and not to page numbers assigned by the parties.

form of factual allegations.  United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged."  Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record.  Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

**II.    Legal Standards Applicable to Motions For a More Definite Statement Pursuant to Rule 12(e)**

Federal Rule of Civil Procedure 12(e) provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.  The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.  If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding."); C.B. v. Sonora Sch. Dist., 691 F. Supp. 2d 1170, 1190-91 (E.D. Cal. 2010) ("A Rule 12(e) motion is proper only

////

1  if the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being

2  asserted, i.e., so vague that the defendant cannot begin to frame a response.").

3  "Motions pursuant to Rule 12(e) are generally 'viewed with disfavor and are rarely

4  granted[.]'" Nguyen v. CTS Electronics Manufacturing Solutions Inc., 301 F.R.D. 337, 340

5  (N.D. Cal. 2014) (quoting E.E.O.C. v. Alia Corp., 842 F.Supp.2d 1243, 1250 (E.D. Cal. 2012)).

6  A court should deny a motion for a more definite statement "if the complaint is specific enough to

7  notify [a] defendant of the substance of the claim being asserted" or "if the detail sought by a

8  motion for more definite statement is obtainable through discovery." C.B., 691 F. Supp. 2d at

9  1191.  A Rule 12(e) motion "is likely to be denied where the substance of the claim has been

10  alleged, even though some of the details are omitted." Neveu v. City of Fresno, 392 F. Supp. 2d

11  1159, 1169 (E.D. Cal. 2005).  This liberal pleading standard is consistent with Federal Rule of

12  Civil Procedure 8(a) which allows pleadings that simply contain a "short and plain statement of

13  the claim." Id.

14  **ANALYSIS**

15  Review of defendant's motion to dismiss and the amended complaint finds that the

16  amended complaint must be dismissed.  In this regard, the amended complaint consists of a single

17  page of vague and conclusory allegations, devoid of any reference to facts.  Instead, the amended

18  complaint simply alleges that plaintiff's "rights were violated."  (Am. Compl. (ECF No. 22) at 1.)

19  That defendant made "errors" and "over looked the facts."  (Id.)  That defendant "wont approve I-

20  130 they say Marriage Certificate is fake."  (Id.)  And that the defendant needs "to fix those

21  error[s] on my I-130 Application[.]"  (Id.)  As noted by defendant, the amended complaint fails to

22  identify an administrative action that is being challenged and what the basis of that challenge is.

23  As plaintiff was previously advised by the undersigned in dismissing the original

24  complaint with leave to amend, "[a] U.S. citizen may apply for an 'immediate relative' to obtain a

25  visa by filing an I-130 petition" and such petitions are regularly filed when a U.S. Citizen is

26  "seeking to obtain a marriage-based visa for a non-citizen spouse." Patel v. Johnson, Case No.

27  SA CV 15-0032 DOC (JCGx), 2015 WL 12698427, at *1 (C.D. Cal. Oct. 7, 2015) (quoting 8

28  U.S.C. § 1154(a)(1)(A)(i)).  However, such a petition may be denied if, for example, the marriage

4

1    is determined to be fraudulent.  See Avitan v. Holder, No. C-10-3288 JCS, 2011 WL 499956, at

2    *7 (N.D. Cal. Feb. 8, 2011) ("A marriage entered into for the purpose of circumventing

3    immigration laws is considered a fraudulent or sham marriage and is not recognized as enabling

4    an alien spouse to obtain immigration benefits.").

5           Upon review, this court may set aside the denial if the "final decision . . . was 'arbitrary,

6    capricious, an abuse of discretion, or otherwise not in accordance with the law.'"  Garcia-Lopez

7    v. Aytes, No. C 09-2592 RS, 2010 WL 2991720, at *3 (N.D. Cal. 2010) (quoting 5 U.S.C. §

8    706(2)(A)).  The court's standard of review "is 'highly deferential, presuming the agency action

9    to be valid and [requires] affirming the agency action if a reasonable basis exists for its

10   decision.'"  Kern County Farm Bureau v. Allen, 450 F.3d 1072, 1076 (9th Cir. 2006) (quoting

11   Indep. Acceptance Co. v. California, 204 F.3d 1247, 1251 (9th Cir. 2000)).

12          Here, as was true of the original complaint, the amended complaint does not identify

13   which administrative action is being challenged.  Nor does the amended complaint clearly state a

14   basis for the challenge to that administrative action.  Although the Federal Rules of Civil

15   Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the

16   plaintiff's claims and must allege facts that state the elements of each claim plainly and

17   succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th

18   Cir. 1984).

19          "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements

20   of cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertions'

21   devoid of 'further factual enhancements.'"  Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting

22   Twombly, 550 U.S. at 555, 557).  A plaintiff must allege with at least some degree of

23   particularity overt acts which the defendants engaged in that support the plaintiff's claims.  Jones,

24   733 F.2d at 649.

25                                    **LEAVE TO AMEND**

26          For the reasons stated above, the amended complaint must be dismissed.  The undersigned

27   has carefully considered whether plaintiff may further amend the complaint to state a claim upon

28   which relief can be granted.  "Valid reasons for denying leave to amend include undue delay, bad

1   faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818

2   F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv.

3   Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely

4   given, the court does not have to allow futile amendments).

5          However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff

6   may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts

7   in support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221,

8   1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)); see also Weilburg v.

9   Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to

10  amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be

11  cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir.

12  1988)).

13         Here, despite being given guidance the amended complaint is arguably vaguer and more

14  conclusory than the original complaint.  Nonetheless, in light of plaintiff's pro se status and the

15  extremely vague and conclusory nature of the amended complaint, the undersigned cannot yet say

16  that it appears beyond doubt that further leave to amend would be futile.  Plaintiff's amended

17  complaint will therefore be dismissed, and plaintiff will be granted leave to file a second amended

18  complaint.  Plaintiff is cautioned, however, that if plaintiff elects to file a second amended

19  complaint "the tenet that a court must accept as true all of the allegations contained in a complaint

20  is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action,

21  supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678.  "While

22  legal conclusions can provide the complaint's framework, they must be supported by factual

23  allegations." Id. at 679.  Those facts must be sufficient to push the claims "across the line from

24  conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

25         Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an

26  amended complaint complete.  Local Rule 220 requires that any amended complaint be complete

27  in itself without reference to prior pleadings.  The second amended complaint will supersede the

28  amended complaint just as the amended complaint superseded the original complaint.  See Loux

1    v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in a second amended complaint, just as if it were

2    the initial complaint filed in the case, each defendant must be listed in the caption and identified

3    in the body of the complaint, and each claim and the involvement of each defendant must be

4    sufficiently alleged.  Any amended complaint which plaintiff may elect to file must also include

5    concise but complete factual allegations describing the conduct and events which underlie

6    plaintiff's claims.

7                                             **CONCLUSION**

8            Accordingly, IT IS HEREBY ORDERED that:

9            1.  Defendant's January 23, 2020 motion to dismiss (ECF No. 23) is granted.

10           2.  The complaint filed January 21, 2020 (ECF No. 22) is dismissed with leave to

11   amend.

12           3.  Within twenty-eight days from the date of this order, a second amended complaint

13   shall be filed that cures the defects noted in this order and complies with the Federal Rules of

14   Civil Procedure and the Local Rules of Practice.[2]  The second amended complaint must bear the

15   case number assigned to this action and must be titled "Second Amended Complaint."

16           4.  Failure to comply with this order in a timely manner may result in a recommendation

17   that this action be dismissed.

18   Dated:  August 29, 2020

19

20                                                    _____

21                                                    DEBORAH BARNES
                                                      UNITED STATES MAGISTRATE JUDGE
22

23

24
     DLB:6
25   DB\orders\orders.pro se\singh2929.mtd2.ord

26

27   _____

28   [2]  Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of
     voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

                                                    7