UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VEER B SINGH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>USCIS, U.S. CITIZENSHIP AND<br>IMMIGRATION SERVICES,<br><br>　　　　Defendant. | No. 2:18-cv-2929 JAM DB PS<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Veer Singh is proceeding in this action pro se. This matter was, therefore, referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the undersigned is defendant's September 28, 2020 motion to dismiss plaintiff's second amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 34.) For the reasons stated below, the undersigned recommends that defendant's motion to dismiss be granted and plaintiff's second amended complaint be dismissed without further leave to amend.

## BACKGROUND

Plaintiff, proceeding pro se, commenced this action on November 7, 2018, by filing a complaint and a motion to proceed in forma pauperis. (ECF Nos. 1 & 2.) Plaintiff is proceeding on a second amended complaint filed on September 21, 2020. (ECF No. 33.) The second

amended complaint concerns a decision on a "Petition I-129." (Sec. Am. Compl. (ECF No. 33) at 1.[1]) Defendant filed the pending motion to dismiss on September 28, 2020. (ECF No. 34.) After plaintiff failed to file a timely opposition, the undersigned issued plaintiff an order to show cause on October 29, 2020. (ECF No. 35.) Plaintiff filed a response on November 16, 2020. (ECF No. 37.) Defendant's motion was taken under submission on December 1, 2020. (ECF No. 37.)

**STANDARD**

**I.      Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

**ANALYSIS**

As was true of the amended complaint, review of the second amended complaint finds that it consists of essentially two paragraphs of vague and conclusory allegations, devoid of any reference to facts. In this regard the entirety of the second amended complaint reads:

> Honorable Judge Deborah Barnes, if uscis have given me a clear answer on my petition it would have been fair. Its been 9 years my wife is in india because of USCIS actions. If USCIS have not Violated the law my wife would have been here in the United States. I have a Child who is 6 years old and a US citizen is stuck in India because of his mother was denied visa. USCIS denied I 130. They did not gave clarify why Petition 1-129 was rejected. What can i do. I have written a letter to senator kamala harris and Dian Fienstine office for help.
>
> I would like to ask USCIS face to face in court. I have appeal to USCIS admistrative (sic) appeals office the BIA and AAO. I have reached my limit with USCIS. I have exhausted all the administrative remedies.
>
> I would like Court not to dismiss this case until USCIS resolve the visa petition.
>
>
> THANK YOU
> REGARDS
> VEER SINGH.

(Sec. Am. Compl. (ECF No. 33) at 1.)

Plaintiff has been repeatedly advised that although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

Moreover, "[a] U.S. citizen may apply for an 'immediate relative' to obtain a visa by filing an I-130 petition" and such petitions are regularly filed when a U.S. Citizen is "seeking to obtain a marriage-based visa for a non-citizen spouse." Patel v. Johnson, Case No. SA CV 15-0032 DOC (JCGx), 2015 WL 12698427, at *1 (C.D. Cal. Oct. 7, 2015) (quoting 8 U.S.C. § 1154(a)(1)(A)(i)). However, such a petition may be denied if, for example, the marriage is determined to be fraudulent. See Avitan v. Holder, No. C-10-3288 JCS, 2011 WL 499956, at *7 (N.D. Cal. Feb. 8, 2011) ("A marriage entered into for the purpose of circumventing immigration laws is considered a fraudulent or sham marriage and is not recognized as enabling an alien spouse to obtain immigration benefits.").

Upon review, this court "will not set aside agency action denying an alien's visa petition unless the action is found to be 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.'" Hovhannisyan v. U.S. Dept. of Homeland Sec., 624 F.Supp.2d 1135, 1149 (C.D. Cal. 2008) (quoting 5 U.S.C. § 706(2)(A)). The court's standard of review "is 'highly deferential, presuming the agency action to be valid and [requires] affirming the agency action if a reasonable basis exists for its decision.'" Kern County Farm Bureau v. Allen, 450 F.3d 1072, 1076 (9th Cir. 2006) (quoting Indep. Acceptance Co. v. California, 204 F.3d 1247, 1251 (9th Cir. 2000)).

////

Here, the second amended complaint fails to provide any factual information regarding defendant's alleged decision such as the specific petition at issue, the basis for the denial of that petition, why the decision was arbitrary, capricious, or an abuse of discretion, etc.[2] Instead, the second amended complaint simply asserts that defendant "Violated the law," failed to give plaintiff "a clear answer," and that plaintiff would like to "resolve the visa petition." (Sec. Am. Compl. (ECF No. 33) at 1.) Such vague and conclusory allegations fail to state a claim.

## LEAVE TO AMEND

For the reasons stated above, the second amended complaint should be dismissed. The undersigned has carefully considered whether plaintiff could further amend the complaint to state a claim upon which relief could be granted. Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

The undersigned is cognizant of the challenges faced by pro se litigants. However, plaintiff here has been repeatedly advised of the deficiencies noted above and twice previously been granted leave to amend. (ECF Nos. 12, 21, 23, 32, 34.) Nonetheless, plaintiff's second amended complaint is arguably vaguer and more conclusory than the original complaint filed in this action. Therefore, in light of the deficiencies noted above and plaintiff's repeated inability to successfully amend the complaint the undersigned finds that it would be futile to grant plaintiff further leave to amend.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's September 28, 2020 motion to dismiss (ECF No. 34) be granted;

////

---

[2] Defendant's motion to dismiss asserts that plaintiff has "filed multiple I-130 and I-129F petitions on behalf of the same beneficiary dating back to 2012." (Def.'s MTD (ECF No. 34) at 4.)

  2. The second amended complaint filed September 21, 2020 be dismissed without further leave to amend; and

  3. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 19, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\singh2929.mtd.f&rs